THE BOARD OF MISSIONS AND CHURCH EXTENSION OF THE
PROTESTANT EPISCOPAL CHURCH IN THE DIOCESE OF
NEWARK, complainant,

v.

MARY V. HEBBLE et al., defendants.

[Decided November 30th, 1923.]

1. An express trust as to land not manifested, in writing, is unenforceable.

2. Where a husband conveys land to his wife through an intermediary no resulting trust arises.

3. Where a husband purchases land in the name of another, and then causes it to be conveyed to his wife, no resulting trust arises. ·

4. Where a husband purchases land and causes the title to be taken in the name of his wife, proof to overcome the presumption of gift or settlement and to raise a resulting trust is admissible.

On final hearing.

*Messrs. McDermott, Enright & Carpenter*, for the defendant Amos S. Hebble.

*Messrs. Howe & Davis*, for the defendant Mary V. Hebble.

BACKES, V. C.

Under a decree of interpleader the complainant paid into court the balance due on a mortgage executed by it to Mary V. Hebble and Amos S. Hebble, wife and husband, on a house and lot on Maple avenue, Newark. Mrs. Hebble seeks one-half. Hebble wants it all, claiming that his wife holds the half standing in her name in trust for him. In a counter-claim against his wife Hebble prays that she may be decreed also to hold another house and lot on Vernon Terrace, Newark, in trust for him.

In 1911 Hebble conveyed to his wife, through an intermediary, the Maple avenue property. In 1916 he purchased

the Vernon terrace property in the name of his secretary, Quinn, and had Quinn convey it to Mrs. Hebble. Hebble paid the purchase price. Up to that time the two had been living together;` but now they are living apart, he supporting her under a maintenance decree of this court. In 1917 the Maple avenue property was sold and in 1918 Mrs. Hebble conveyed it to the complainant and received in part payment the mortgage above mentioned for $4,200, since reduced to $1,200, the sum now in litigation. At Hebble's request, and with his wife's sanction, the mortgage was made to both. Hebble rests his claim to the funds in court and to a reconveyance of the Vernon terrace property on the ground that when he conveyed the Maple avenue property to his wife in 1911 she promised to reconvey it to him or to his appointee at any time upon request, and that the Vernon terrace property was conveyed to her by Quinn upon a similar promise. His testimony to that effect is met by Mrs. Hebble's denial and her assertion that they were gifts outright. I need not discuss the testimony because it is inadmissible. The deed for the Maple avenue property, made by Hebble to his wife, through an intermediary, was upon an express trust, if there was a trust, and not being manifested in writing is void under the statute of frauds. This is held by a long line of decisions in this state. In *Down* v. *Down, 80 N. J. Eq. 68;* Vice-Chancellor Leaming cites and discusses most of the cases. The conveyance of the Vernon terrace property is on the same footing. If Hebble had at the time he bought this property caused it to be conveyed directly to his wife, proof to overcome the presumption of gift or settlement would have been admissable, and if convincing, so as to leave no reasonable doubt as to the intention of the parties, the presumption of resulting trust in his favor would have prevailed. *Read* v. *Huff, 40 N. J. Eq. 229.* But here Hebble had the conveyance made to Quinn, and Quinn conveyed to Mrs. Hebble. No resulting trust arises under the latter deed. The use therein is declared to be for the grantee, and where a use is declared by a deed operating under the statute of uses no other use or trust not expressed in writing can be shown.

*Coffey* v. *Sullivan, 63 N. J. Eq. 296; Fretz* v. *Roth, 70 N. J. Eq. 764.* The point was distinctly ruled in *Lister* v. *Lister, 35 N. J. Eq. 49, 55,* "Warwick street property." The case of *Duvale* v. *Duvale, 54 N. J. Eq. 581;* modified and affirmed, *56 N. J. Eq. 375,* relied upon by Hebble's counsel, is not helpful in his cause. There the property bought by the husband's money was conveyed by the vendor directly to the wife and the presumption of settlement was held to be overcome by the proofs and that a trust resulted in favor of the husband upon his surviving his wife; the trust having been thus modified by the parties.

It may not be amiss to add for the information of Hebble that his testimony and the circumstances relied upon by him would not have been sufficient to overcome the presumption of gift or settlement if the case were one of a resulting trust upon such presumption being overcome. In my judgment the deeds were gifts in fact.

When Mrs. Hebble consented to her husband being joined with her as mortgagee it amounted to a return *pro tanto* of the gift of the Maple avenue property, and they held the mortgage as owners in common. She admits this, in effect, by her claim of ownership of only one-half the principal and interest of the mortgage debt. By the pleadings she lays claim to the whole of the fund paid into court; but on the trial and in the briefs this claim was not advanced. The contention was for one-half, and I have, therefore, not considered the question whether she is entitled to recoup out of the fund or recover from her husband one-half of installments of interest and principal paid from time to time in reduction of the mortgage which she collected and gave to him as she received it.

I will advise a decree dividing the fund in court between the two. The counter-claim will be dismissed, with costs.